1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONDO SHANE KAI VALDEZ,

                    Petitioner,

    v.

ERIC JACKSON,

                    Respondent.

CASE NO. 3:21-cv-05325-RSM-BAT

**REPORT AND
RECOMMENDATION**

Before the Court is Petitioner's second federal habeas petition challenging his conviction for Rape in the Second Degree in Cowlitz County Superior Court case number 02-1-01012-9. Dkt. 4. Petitioner has not obtained permission from the Court of Appeals for the Ninth Circuit to file this second habeas petition. Accordingly, the Court recommends the present habeas petition be referred to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a).

## DISCUSSION

In 2003, Petitioner was convicted of Rape in the Second Degree and sentenced to life imprisonment in Cowlitz County Superior Court. In 2006, Petitioner filed, in this Court, his first habeas petition challenging this conviction. *See Valdez v. Morgan*, 3:06-cv-05222-RB, Dkt. 5.

As grounds for relief, the first petition alleged (1) cumulative Error based upon "all evidence proves my innocence"; (2) counsel was ineffective by failing to investigate the case, contact witnesses and properly question witnesses; (3) Petitioner's Fifth Amendment right to grand jury indictment was denied; (4) the three strike life sentence violated the prohibition against double jeopardy; and (5) a witness stated Petitioner was innocent. Although the first habeas petition was filed outside the statute of limitations, Petitioner contended there was no time bar because his claims were based upon "newly discovered evidence," the "prosecution held back medical examiner's results, reports and statements," and he is innocent. *Id.* at page 13.

In 2007, the Court, adopting the report and recommendation, dismissed the first petition as untimely. Dkts. 17, 19. The report and recommendation found Petitioner's conviction became final on August 25, 2004. By the time Petitioner filed a state personal restraint petition on January 21, 2006, the federal habeas statute of limitations had thus already lapsed, and the habeas petition Petitioner submitted to this Court on April 17, 2006 was untimely. The report and recommendation also found there were no circumstances justifying equitable tolling of the statute of limitations, rejecting Petitioner's claim he was denied discovery and reports, and nobody told him what to do, and finding instead the late filing "lies with Petitioner's own neglect and dilatory conduct." Dkt. 17 at 8.

On May 4, 2021, Petitioner submitted for filing the present habeas petition. Dkt. 1, 4. The present habeas petition again challenges the same Rape in the Second-Degree conviction that Petitioner challenged in his first habeas petition. The present petition raises the following grounds for relief: (1) actual innocence; (2) the prosecutor engaged in misconduct and committed a Brady violation by denying exculpatory evidence; and (3) trial counsel was ineffective by failing to investigate witnesses and failing to obtain exculpatory discovery from the police "when

REPORT AND RECOMMENDATION - 2

1   I told him to get it." Dkt. 4 at 5-8.  The present habeas petition acknowledges Petitioner was

2   convicted in 2003 but contends the one-year statute of limitations under 28 U.S.C. § 2244(d)

3   does not bar relief because evidence Petitioner obtained from a public disclosure request

4   supports his claim that he is innocent and should be released from prison. *Id.* at 13-14.

5        Although Petitioner acknowledges the present habeas petition was filed outside the

6   statute of limitations, he specifically checked "no" to question of whether he had "previously

7   filed any type of petition, application or motion in a federal court regarding the conviction that

8   you challenge in this petition." *Id.* at 12. The Court's records belie this assertion as Petitioner

9   filed in 2006 his first habeas petition challenging the same Rape in Second Degree conviction

10   and raising similar claims. *See Valdez v. Morgan*, 3:06-cv-05222-RB.

11       The present habeas petition is thus the second habeas petition Petitioner has filed

12   challenging his Rape in the Second-Degree conviction in Cowlitz County case number 02-1-

13   01012-9. Under 28 U.S.C. § 2244(b)(1), the Court must dismiss any claim which was presented

14   in a prior habeas petition. A claim in a second or successive petition must be dismissed even if

15   not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or

16   Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of

17   the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

18        These requirements flow from the Antiterrorism and Effective Death Penalty Act of 1996

19   (AEDPA) which "established a stringent set of procedures that a prisoner 'in custody pursuant to

20   the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or

21   successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v.*

22   *Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

23

REPORT AND RECOMMENDATION - 3

1    (3)(A) Before a second or successive application permitted by this section is filed
2    in the district court, the applicant shall move in the appropriate court of appeals
     for an order authorizing the district court to consider the application.

3    28 U.S.C. § 2244(b)(3)(A).

4         This provision creates a "gatekeeping" mechanism for the consideration of second or

5    successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant

6    must file in the court of appeals a motion for leave to file a second or successive habeas

7    application in the district court." *Id*. The petitioner must make prima facie showing the

8    application satisfies the requirements of 28 U.S.C. § 2244(b). *Id*. If the petitioner does not

9    satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the

10   District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153; *see also Cooper*

11   *v. Calderon*, 274 F.3d 1270, 1274–75 (9th Cir. 2001) (per curiam) (Filing a motion in the court

12   of appeals and obtaining permission to file a second habeas petition is a jurisdictional

13   requirement). Here there is nothing showing Petitioner has sought or obtained such permission.

14        The phrase "second or successive" is a term of art derived from the "abuse-of-the-writ"

15   doctrine developed prior to enactment of the current language set forth in 28 U.S.C. § 2244. *Hill*

16   *v. State of Alaska*, 297 F.3d 895, 897–898 (9th Cir.2002). In *Hill*, the Court observed a second

17   habeas petition is not automatically barred as second or successive. Rather a Court should

18   consider whether the prisoner had an opportunity to raise his or her claims in the first petition.

19        In the present case, the Court dismissed Petitioner's first habeas petition with prejudice,

20   triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition. The grounds

21   for relief raised in the present habeas petition involve the conduct of counsel, claims of

22   innocence and alleged *Brady* violations for withholding evidence. Petitioner was aware of these

23

REPORT AND RECOMMENDATION - 4

claims many years ago because they are very similar to the claims raised in the first habeas petition.

Petitioner implies he did not present his present claims in his first habeas petition because he did not obtain police reports supporting his claims until recently via public records disclosure requests. However, the exhibits in support of the present habeas petition indicate Petitioner could have made the requests and raised the claims presently alleged many years ago. First, Exhibits 2 and 3 are letters from Debra Powell to Petitioner dated May 11, 2000 and May 15, 2000. Petitioner knew about these letters before he filed his first habeas petition and thus the letters are not newly discovered evidence and could have presented in the first petition.

Exhibit 6 contains Affidavits of Robert Lewis to Plaintiff dated August 29, 2016 and of Treasa Putnam dated September 6, 2016. There is nothing showing Petitioner could not have obtained these affidavits before he filed his first habeas petition. Moreover, that Petitioner obtained these affidavits five years ago highlights the fact the present habeas petition is untimely.

Exhibit 1 contains Petitioner's declaration dated November 25, 2018, that "recently I got help from a prison legal beagle that helped me file a Public disclosure request." Dkt. 5, Ex. 1 at 8. Petitioner contended in his first habeas petition that the "prosecution held back medical examiner's results, reports and statements," and he is innocent. Despite this contention, he failed to submit a public disclosure act request before he filed his first habeas petition and then waited until 2018 to file the requests mentioned in the present habeas petition. The record thus establishes Petitioner has failed to act with due diligence in obtaining the records that he claimed the prosecution improperly withheld in his first habeas petition filed in 2006, and in failing to present the current grounds for relief in his first habeas petition.

REPORT AND RECOMMENDATION - 5

In sum, Petitioner filed a habeas petition in 2006 challenging the same Cowlitz County conviction he now challenges. The Court dismissed the first habeas petition on the grounds it was untimely. The present habeas petition again challenges the Cowlitz County conviction and is a second or successive petition because some of the grounds for relief were raised in the first petition and some of the grounds rely on public disclosure act request information that Petitioner could have obtained before he filed his first petition. The Court therefore recommends the present habeas petition be referred to the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a) ("An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition . . . in the district court must file an application in the court of appeals demonstrating entitlement to such leave under section[ ] 2254."). If the Court adopts this recommendation, the clerk should be directed to administratively close the case.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, limited to 8 pages, however, may be filed no later than **May 25, 2021.** The Clerk should note the matter for **May 28, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 11th day of May 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6